UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Kevin Lee Kurtz ) | Case # 6:16-bk-02226-RAC |
| Roshell T. Kurtz ) | Chapter 7 |
| ) | |
|      Debtor(s)      ) | |

**CHAPTER 7 TRUSTEE'S AMENDED MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF**

Richard B. Webber II, Chapter 7 Trustee (the "Trustee") duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this amended motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4. On April 4, 2016, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Richard B. Webber II is the duly appointed and qualified Chapter 7 Trustee.

6. The Trustee held and concluded the 341 meeting of creditors on May 5, 2016.

7. The Debtor/Debtors scheduled a 100% ownership interest in the real property located at 1046 OSPREY COVE CIRCLE, GROVELAND, FL 34736 Parcel ID 18-22-25-160000001800 (the "Property") and legally described as follows:

Lot 18, OSPREY COVE PHASE 1, according to the Plat thereof as recorded in Plat Book 53, Pages 72 through 74, inclusive, of the Public Records of Lake County, Florida.

8. The Debtors scheduled the Property as having a value of $125,616.00 subject to a mortgage in favor of Bayview Loan Servicing (the "Secured Creditor") in the amount owed on the Petition Date of approximately $197,000.00.

9. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

a. sell the Property to a third party Trustee determines to have made the best qualified offer;

b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10. Public records and the Secured Creditor's title report reflect that the Property is encumbered by the statutory liens securing ad valorem real property taxes due to Lake County for tax years 2017 in the approximate amount of $993.02 plus interest which is accruing daily (collectively the "Real Property Taxes").

11. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the official Records of Lake County, FL (the "Secured Creditor Indebtedness").

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

<u>RELIEF REQUESTED</u>

12. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "<u>Carve-Out Fund</u>") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

<u>BASIS FOR RELIEF</u>

A. <u>The Sale of the Property Should Be Approved</u>

13. The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

14. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

15. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the

Bankruptcy Estate in the amount of $8,085.00. Attached as Exhibit "A" is the letter of consent/approval from the Secured Creditor.

16.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

  B. <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

17.     Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

18.     The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

19.     The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse*

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

*LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

20. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

21. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C.    The Sale Will Be Undertaken by the Buyer in Good Faith

22. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

23. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

24. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

25. The Trustee further states that:

(a) the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b) the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c) Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

26. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

  Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge information and belief.  I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic file transfer this December 5, 2017 to: Kevin Lee Kurtz, Roshell T. Kurtz, 1046 OSPREY COVE CIRCLE, GROVELAND, FL 34736; K Wade Boyette, Jr., BOYETTE CUMMINS & NAILOS, 1635 EAST HIGHWAY 50, SUITE 300, CLERMONT, FL 34711; creditors listed on the attached matrix; and the United States Trustee, 400 W. Washington St., Suite 1100, Orlando, FL 32801.

              /s/ Richard B. Webber II
              Richard B. Webber II, Trustee
              PO Box 3000
              Orlando, FL 32802-3000
              Phone: (407)425-7010
              E-mail: rwebber@zkslawfirm.com

```
Label Matrix for local noticing        Cavalry SPV I, LLC                    Embarq Florida, Inc- Central Florida/dba
113A-6                                  500 Summit Lake Drive, Ste 400       CenturyLink
Case 6:16-bk-02226-RAC                  Valhalla, NY 10595-1340              359 Bert Kouns
Middle District of Florida                                                   Shreveport, LA 71106-8124
Orlando
Tue Dec  5 14:04:43 EST 2017

Quantum3 Group LLC as agent for         End of Label Matrix
CF Medical LLC                          Mailable recipients    3
PO Box 788                              Bypassed recipients    0
Kirkland, WA  98083-0788                Total                  3
```



Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL 33146



EXHIBIT "A"



December 01, 2017

KEVIN KURTZ
C/O K WADE BOYETTE
BOYETTE CUMMINS & NAILOS
1635 EAST HIGHWAY 50 SUITE 300
CLERMONT, FL 34711-0000

**Loan Number**: 1354266      **Property Address**: 1046 OSPREY COVE CIR
                                                    GROVELAND, FL  34736

**IMPORTANT: Your request for consideration for a short sale has been approved. Here's what to expect next:**

Dear Customer:

I am pleased to inform you that Bayview Loan Servicing, LLC ("Bayview") has approved you for a Discounted Payoff on your property located at 1046 OSPREY COVE CIR, GROVELAND, FL 34736 (the "Property") in the amount of **$134,953.25** which is good through **01/15/2018 end of business day, the scheduled Closing Date.** This Discounted Payoff is null and void if the funds received by Bayview as of the Closing Date are less than the amount approved in this agreement.

Please be advised that this Discounted Payoff approval is on a one time basis and additional requests for approval may not be considered.

The terms of the Discounted Payoff offer are as follows:

- Settlement Date: 01/15/2018
- Sales Price: $161,700.00
- Borrower or Seller Credits: $0.00
- Borrower Contributions: $0.00
- Realtor Commissions: $9,702.00
- Taxes & Closing Costs: $13,044.75
- Third Party Fees: $4,000.00
- Subordinate Liens: $0.00
- Relocation Assistance: $0.00
- Net Proceeds to Bayview Loan Servicing: $134,953.25

In addition, notice of Closing is required within 48 hours of the scheduled Closing Date, to ensure the items listed below have been received and reviewed for approval:
- Final Settlement Statement with buyer and seller closing costs

### Refunds and Insurance Proceeds

Any refunds, taxes or any proceeds from any insurance that become due before the Discounted Payoff funds are paid to Bayview must be paid to Bayview in order to satisfy the loan.

Borrower warrants that he/she will not interfere with the investigation of any such insurance claim. Borrower also warrants that any such borrower payment, insurance check, or tax refund referenced above that he/she receives, shall be immediately forwarded to Bayview. Bayview will also retain any funds that may currently be held in suspense and escrow accounts.



### Attorney Fees

In the event that any party hereto brings suit for the collection of any damages resulting from, or the injunction of any action constituting, a breach of any terms or provisions of this Agreement or the Loan Documents, then the prevailing party shall be entitled to recover all reasonable court costs and attorneys' fees, at all levels.

Borrower agrees not to make any claim to any attorney fees and costs against Lender in the event there is a pending foreclosure case/action which is voluntarily dismissed by Lender as a result of this modification agreement or similar settlement reached between the parties. Borrower acknowledges that a voluntary dismissal by Lender under such circumstances shall not make the Borrower the prevailing party in such foreclosure action/case for the purposes of this section.

### Foreclosure Sale/Law Day

If a foreclosure sale has been scheduled, funds must be received 48 hours prior to the foreclosure sale or by the required date indicated above, whichever is sooner. Upon receipt by Bayview of the Discounted Payoff Amount, Bayview will execute or cause to be executed a Release and Discharge of the debt and will dismiss or cancel any pending legal action it has taken to collect this obligation. No legal action will be halted until funds are received on or before the required date.

Further, upon receipt of the Discounted Payoff Amount, Bayview shall release and forever discharge Borrowers from any and all liability, of any kind whatsoever, arising out of, associated with, or related to, any obligations of the underlying debt agreement, promissory note, or loan agreement related to the loan number referenced above including, but not limited to, pursuit of any deficiency amount thereunder. Upon this release, the forgiven debt will be reported via the IRS Form 1099-C.

**This Discount Payoff offer is valid only if borrowers sign a copy of this letter at the bottom of the next page under "Acknowledged and Accepted" and return it to my attention on or before 01/15/2018 end of business day. Please assure that funds are received by Bayview by the required date indicated in this letter. In addition, please send the executed closing documents, including the signed Settlement Statement by all parties to me.**

**PAYMENT INFORMATION.** Use one of the following methods to send remittance to Bayview Loan Servicing:

<u>Overnight Mail:</u>
Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

<u>Wire Instructions*:</u>
JP Morgan Chase
One Chase Manhattan Plaza
New York, NY 10005
**ABA #:** 021-000-021
**Credit Account:** Bayview Loan Servicing, LLC
**Account No.:** 447450847

*Fees may be imposed by money transmitter.
Please include the following information on all remittance:
  Borrower: KEVIN KURTZ
  Bayview Loan Number: 1354266
  Property Address: 1046 OSPREY COVE CIR, GROVELAND, FL 34736

## You Have Deed-in-Lieu Options

**Deed-in-Lieu.** If, during any time prior to the expiration date of this approval you are unable or no longer interested in completing the short sale, you may be able to convey ownership of your property to Bayview through a deed-in-lieu and satisfy the amount due on your first mortgage. While this action, called a Deed-in-Lieu of Foreclosure, will not allow you to keep your property, it will prevent you from going through a foreclosure sale and it will release you from all further responsibility for repaying the remaining mortgage debt. Additionally, provided you have complied with all other requirements, you or your tenant may be able to receive funds to help with moving expenses. Should you have any questions regarding the Deed-in-Lieu of Foreclosure process, please contact us.

In order successfully complete a Deed-in-Lieu of Foreclosure with Bayview the following additional steps must be completed:



- **All Occupants Must Vacate the Property and Leave the Property in Broom Clean Condition.** All occupants must provide clear and marketable title with a general warranty deed or local equivalent; vacate the property; and deliver to Bayview all the keys and controls, (e.g., garage door openers), by the expiration of this lien release approval letter ("Vacate Date"). Upon the Vacate Date, you must leave the Property in broom clean condition; all personal belongings must be removed and the Property left free of any and all interior and exterior trash, debris or damage. In addition, the yard must be left in a clean and neat condition. Further, in accepting the Deed-in-Lieu of Foreclosure option, you hereby agree to release Bayview from any and all liability regarding the removal and disposal of any possessions or materials left in or at the Property after the Vacate Date. You may be required to sign standard pre-closing documents as well as attend a closing of the conveyance of your property where all borrowers on the mortgage must be present.

- **Subordinate Lien Releases.** Bayview has the option of providing additional funds to be paid to subordinate lien holders in exchange for a release of liens on the Property. If you have these types of liens, please gather any paperwork you have (such as your last statement), and send it to us promptly. Remember, clearing these subordinate liens and delivering clear and marketable title is your responsibility and Bayview takes no responsibility for ensuring that subordinate lien holders avoid seeking enforcement of personal liability against you. Therefore, we recommend that you take steps to satisfy yourself that the subordinate lien holders release you from any personal liability.

Sincerely,

*Timothy Thomas*

Timothy Thomas, Asset Manager
Bayview Loan Servicing, LLC
Phone Number:   (844) 535-4186 Monday - Friday 9:00 a.m. - 6:00 p.m., ET
Fax Number:       (305) 817-5272
E-mail:                TimothyThomas@bayviewloanservicing.com

Bayview Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay of bankruptcy this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation. Bayview Loan Servicing, LLC., NMLS #2469.

**The following mailing address must be used for all Error Notices & Information Requests: Bayview Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.**

**ACKNOWLEDGED AND ACCEPTED:**

By: _____    Date: _____
   KEVIN KURTZ